# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | : Hon. Leda Dunn Wettre |
| v. | : Mag. No. 20-13171 (LDW) |
| JOSE MARCELO VARGAS, a/k/a "Jose Vargas" | : **CRIMINAL COMPLAINT** |

I, Ian Patel, the undersigned complainant being duly sworn, state the following is true and correct to the best of my knowledge and belief:

### SEE ATTACHMENT A

I further state that I am a Deportation Officer with the United States Department of Homeland Security, Immigration and Customs Enforcement, and that this complaint is based on the following facts:

### SEE ATTACHMENT B

_____
Ian Patel
Deportation Officer
Immigration and Customs Enforcement
U.S. Department of Homeland Security

Deportation Officer Ian Patel attested to this Affidavit by telephone pursuant to FRCP 4.1(b)(2)(A) on this 15th day of April, 2020 in the District of New Jersey.

HONORABLE LEDA DUNN WETTRE          _____
UNITED STATES MAGISTRATE JUDGE      Signature of Judicial Officer

## **ATTACHMENT A**

On a date on or after April 20, 2010, and on or before February 1, 2020, in Passaic County, in the District of New Jersey, and elsewhere, the defendant,

JOSE MARCELO VARGAS,
a/k/a "Jose Vargas,"

being an alien, and on or about January 11, 2007, having been convicted in the Superior Court of New Jersey, Hudson County, of Criminal Sexual Contact, in the Fourth Degree, in violation of Section 2C:14-3(b) of the New Jersey Code of Criminal Justice, a felony, and thereafter having been deported and removed and having departed from the United States while an order of deportation was outstanding, did knowingly and voluntarily enter, attempt to enter, and was found in the United States without the Attorney General or the Secretary of Homeland Security expressly consenting to the defendant's re-applying for admission to the United States prior to his re-embarkation at a place outside the United States.

In violation of Title 8, United States Code, Sections 1326(a) and 1326(b)(1).

## **ATTACHMENT B**

I, Ian Patel, am a Deportation Officer with the Department of Homeland Security, Immigration and Customs Enforcement ("ICE"). I am fully familiar with the facts set forth herein based on my own investigation, my conversations with other law enforcement officers, and my review of reports, documents, and items of evidence. Where statements of others are related herein, they are related in substance and part. Because this complaint is being submitted for a limited purpose, I have not set forth each and every fact that I know concerning this investigation. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

1. The defendant, JOSE MARCELO VARGAS, a/k/a "Jose Vargas," (the "Defendant"), is a citizen of El Salvador, and he neither is a citizen nor a national of the United States.

2. On or about June 23, 2006, the Defendant was arrested by the Hudson County Prosecutor's Office in New Jersey, for committing various sexual assault related offenses, including but not limited to, Criminal Sexual Contact, in the Fourth Degree, in violation of Section 2C:14-3(b) of the New Jersey Code of Criminal Justice

3. On or about January 11, 2007, the Defendant pled guilty in the Superior Court of New Jersey, Hudson County, to Criminal Sexual Contact, in the Fourth Degree, in violation of Section 2C:14-3(b) of the New Jersey Code of Criminal Justice was subsequently sentenced to 2 days' jail time credited and three years' probation, the circumstance of which offense constitute a felony.

4. Thereafter, on or about March 11, 2010, the Defendant was ordered removed from the United States to El Salvador by an Immigration Judge sitting in Newark, New Jersey.

5. On or about April 20, 2010, the Defendant was removed from the United States to El Salvador. Shortly before his removal from the United States on or about April 20, 2010, an official from ICE took a fingerprint from the Defendant.

6. At some point after his April 20, 2010 removal, the Defendant re-entered the United States without permission from either the Attorney General or the Secretary of Homeland Security.

7. On or about February 1, 2020, the Defendant was arrested by ICE in West Milford, New Jersey.

8. A fingerprint taken from the Defendant pursuant to his 2006 arrest for Criminal Sexual Contact was compared to his April 20, 2010 deportation record and the February 1, 2020 fingerprints that were taken after he entered ICE's custody. All the fingerprints were found to be identical.

9. Prior to the Defendant's reentry into the United States, neither the Attorney General nor the Secretary of Homeland Security consented to the Defendant re-entering the United States. The Defendant also did not receive a waiver allowing him to re-enter the United States.

4